UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENNY A., by his next friend Linda Winn, et al.,

    Plaintiffs,

v.

SONNY PERDUE, et al.,

    Defendants.

CIVIL ACTION

1:02-CV-01686-MHS

### ▇▇▇▇▇ STIPULATED MODIFICATION OF CONSENT DECREE

WHEREAS this case was settled by a Consent Decree entered by the Court on October 27, 2005 [Dkt. 488];

WHEREAS Section 15 of the Consent Decree sets forth a number of "Outcome Measures" that State Defendants are required to achieve for different six-month reporting periods, including Outcome Measures relating to visits between case managers and class member children (Outcome Measure 20), visits between placement case managers and the caregivers for class member children (Outcome Measure 22), visits among class member children who are siblings but

who are not placed in foster care together (Outcome Measure 23), licensure and approval status of foster care placements for class member children (Outcome Measure 25), and the capacity limits of foster homes for class member children (Outcome Measure 31);

WHEREAS the Accountability Agents, pursuant to Section 16 of the Consent Decree, are required to report on State Defendants' performance with respect to the requirements of the Consent Decree, including Outcome Measures 20, 22, 23, 25 and 31;

WHEREAS State Defendants' performance with respect to Outcome Measures 20, 22, 23, 25 and 31, as currently included in the Consent Decree, can only be evaluated through a review of individual case files concerning class members, which has caused some extension in the time for the completion of the reports of the Accountability Agents;

WHEREAS to expedite completion of the reports of the Accountability Agents while maintaining the quality and validity of monitoring data and maintaining the benefits obtained by the Class, the parties jointly agree to modify the terms of Outcome Measures 20, 22, 23, 25 and 31 so as to permit the Accountability Agents to use State Defendants' internal data systems in measuring and reporting on State Defendants' performance on these Outcome Measures; and

WHEREAS, while Section 5.D of the Consent Decree currently requires that at least one monthly visit between case managers and class member children take place in the child's placement in private, the parties agree that it would further the purposes of the Consent Decree to allow the required private visit to take place either in the child's placement or at a visit outside the child's placement;

THE PARTIES THEREFORE NOW STIPULATE AND AGREE AS FOLLOWS:

1. Section 5.D (page 19) of the Decree is modified by deleting the word "private" from the second sentence of the first paragraph, so that this sentence is replaced with and shall now state:

> An in-placement visit refers to a face-to-face visit with the child *in the child's home/placement*, in order to monitor and document the child's adjustment to the placement, the appropriateness of the placement to meet the child's needs, the receipt of appropriate treatment and services by the child, the child's safety, and service goals.

2. Subsection 5.D.1.b is deleted and replaced with the following language:

> b. Thereafter, there shall be at least one in-placement visit per month and one additional visit per month. At least one visit each month shall be in private.

3. The text of Section 15, Outcome Measure 20, is deleted in its entirety and replaced with the following language:

3

> Visitation (worker-child): By the end of the tenth reporting period:
>
> (a) At least 96.25% of the total minimum number of twice-monthly face-to-face visits between case managers and all class member children required by Section 5.D.1.b during the reporting period shall have taken place. Visits to any child in excess of the required minimum of two visits per month shall be excluded when calculating this percentage.
>
> (b) At least 96.25% of the total minimum number of monthly private, face-to-face visits between case managers and all class member children required by Section 5.D.1.b during the reporting period shall have taken place. Visits to any child in excess of the required one private visit per month shall be excluded when calculating this percentage.

4. The text of Section 15, Outcome Measure 22, is deleted in its entirety and replaced with the following language:

> Visitation (worker-caregiver): DFCS placement case managers shall visit each child's foster parent, group care, institutional or other caretaker at least one time each month. By the end of the tenth reporting period, at least 95% of the total minimum number of required monthly visits by case managers to caregivers during the reporting period shall have taken place. Visits to any caregiver, with respect to the same child, in excess of the required one visit per month shall be excluded when calculating this percentage.

5. The text of Section 15, Outcome Measure 23, is deleted in its entirety and replaced with the following language:

> Visitation (between siblings): Children who have one or more siblings in custody with whom they are not placed shall be provided a visit with their siblings at least one time each month, unless the visit is harmful to one or more of the siblings, the sibling is placed out of state in compliance with ICPC, or the distance between the children's placements is more than 50 miles and the child is placed with a relative. By the end of the tenth reporting period, at least 90% of the total minimum number of required monthly sibling-group visits shall

4

have taken place during the reporting period. Visits among siblings in excess of the required one visit per month shall be excluded when calculating this percentage.

6. The text of Section 15, Outcome Measure 25, is deleted in its entirety and replaced with the following language:

Placements not in full approval status: By the end of the tenth reporting period, at least 98% of all foster placements serving class member children shall be in full approval and/or licensure status. In computing this percentage, each placement shall be weighted by the approved and/or licensed capacity of that placement.

7. The text of Section 15, Outcome Measure 31, is deleted in its entirety and replaced with the following language:

By the end of the tenth reporting period and continuing thereafter, no more than ten percent of all foster family home placements serving class member children at any time during the reporting period shall exceed the capacity limits referenced in Section 5.C.4.e of this Consent Decree, concerning the requirement that no child shall be placed in a foster home if that placement will result in more than three (3) foster children in that foster home, or a total of six (6) children in the home, including the foster family's biological and/or adopted children.

8. Other than as specifically modified herein, all terms of the Consent Decree, previous stipulations and orders in this action shall remain in full force and effect.

SO STIPULATED BY THE PARTIES, THIS 18th DAY OF NOVEMBER, 2010:

[Signatures continue on next page]

by:    */s/ Michael A. Caplan*
      JEFFREY O. BRAMLETT
          Georgia Bar No. 075780
          bramlett@bmelaw.com
      MICHAEL A. CAPLAN
          Georgia Bar No. 637537
          caplan@bmelaw.com
      BONDURANT, MIXSON & ELMORE, LLP
      1201 W. Peachtree St. N.W., Ste. 3900
      Atlanta, GA 30309
      Phone: (404) 881-4100
      Fax: (404) 881-4111

      MARCIA ROBINSON LOWRY
          *pro hac vice*
          mlowry@childrensrights.org
      IRA P. LUSTBADER
          *pro hac vice*
          ilustbader@childrensrights.org
      LAURENCE D. BORTEN
          *pro hac vice*
          lborten@childrensrights.org
      CHILDREN'S RIGHTS
      330 7th Ave., 4th Floor
      New York, NY 10001
      Phone: (212) 683-2210
      Fax: (212) 683-4015

ATTORNEYS FOR PLAINTIFFS


[Signatures continued on next page]

by: */s/ Mark H. Cohen*
MARK H. COHEN
Senior Assistant Attorney General
    Georgia Bar No. 174567
    mark.cohen@troutmansanders.com
TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree St., N.E.
Atlanta, GA 30308
Phone: (404) 885-3597
Fax: (404) 962-6753

THURBERT E. BAKER
Attorney General
    Georgia Bar No. 033887
DENNIS R. DUNN
Deputy Attorney General
    Georgia Bar No. 234098
SHALEN S. NELSON
Senior Assistant Attorney General
    Georgia Bar No. 636575
ELIZABETH M. WILLIAMSON
Assistant Attorney General
    Georgia Bar No. 523466
DEPARTMENT OF LAW
STATE OF GEORGIA
40 Capitol Sq., S.W.
Atlanta, GA 30334-1300
Phone: (404) 656-3377
Fax: (404) 463-1062

ATTORNEYS FOR STATE DEFENDANTS

SO ORDERED, this _22_ day of _Nov_, 2010.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia