UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENNY A., by his next friend Linda Winn, et al., | : | |
| | : | |
| Plaintiffs, | | CIVIL ACTION |
| | : | |
| v. | | 1:02-CV-1686-MHS |
| | : | |
| NATHAN DEAL, in his official capacity as Governor of the State of Georgia, et al., | : | |
| | : | |
| Defendants. | | |

## ORDER

Before the Court is plaintiffs' preliminary motion for appellate fees and expenses and request to hold motion in abeyance. For the following reasons, the Court grants the motion in part and denies it in part.

Background

This class action brought on behalf of foster children in Fulton and DeKalb Counties was settled as to the State Defendants[1] in October 2005

---

[1] State Defendants are the Governor of Georgia, the Georgia Department of Human Services and its Commissioner, the Fulton County Department of Family and Children Services and its Director, and the DeKalb County Department of Family and Children Services and its Director.

with the entry of a Consent Decree. On October 3, 2006, the Court awarded plaintiffs approximately $11.3 million in attorneys' fees and expenses, including a $4.5 million enhancement based on the quality of representation provided by class counsel and the extraordinary results they achieved. Kenny A. ex rel. Winn v. Perdue, 454 F. Supp. 2d 1260, 1288-90 (N.D. Ga. 2006). State Defendants appealed the award, and on July 3, 2008, the Eleventh Circuit affirmed. Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209 (11th Cir. 2008). State Defendants filed a petition for rehearing en banc, which the Eleventh Circuit denied on November 5, 2008. Kenny A. ex rel. Winn v. Perdue, 547 F.3d 1319 (2008).

State Defendants then petitioned the Supreme Court for certiorari, seeking review solely as to the $4.5 million enhancement. The Supreme Court granted the petition and on April 21, 2010, issued a decision holding that enhancements of fee awards were permitted under certain limited circumstances, but that this Court had not provided proper justification for the enhancement it awarded in this case. Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1673-76 (2010). The Supreme Court reversed and remanded for further proceedings consistent with its opinion. Id. at 1677.

On September 2, 2010, the Eleventh Circuit vacated this Court's original fee award and remanded for further proceedings consistent with the Supreme Court's opinion. Kenny A. v. Perdue, 616 F.3d 1230 (2010). On September 23, 2010, this Court entered a Consent Scheduling Order establishing a timetable for the parties to brief the issue of plaintiffs' entitlement to a fee enhancement in light of the Supreme Court's decision. After carefully considering the parties' written submissions and oral argument, the Court concludes in a separate Order issued today that plaintiffs are not entitled to an enhancement under the new guidelines established by the Supreme Court.

Meanwhile, on October 22, 2010, plaintiffs filed a preliminary motion seeking to recover attorneys' fees and expenses incurred on appeal, both in the Eleventh Circuit and the Supreme Court. Plaintiffs asked the Court to hold the motion in abeyance until after the Court had ruled on the enhancement issue. State Defendants filed a response in opposition to plaintiffs' motion arguing that plaintiffs are not entitled to recover their appellate fees and expenses.

3

Discussion

Plaintiffs contend that under 42 U.S.C. § 1988 they are entitled to recover fees and expenses incurred in defending this Court's original fee award in both the Eleventh Circuit and the Supreme Court, notwithstanding the fact that the Supreme Court reversed the enhancement portion of the award. State Defendants contend that plaintiffs cannot recover fees incurred in the Eleventh Circuit because their motion was not timely filed in accordance with the applicable Eleventh Circuit rule. State Defendants further contend that plaintiffs cannot recover fees incurred in the Supreme Court because they did not prevail in that appeal. The Court addresses each of these arguments in turn.


A.     Eleventh Circuit Fees

State Defendants do not dispute that a plaintiff who successfully defends an attorney's fee award on appeal is entitled to recover his appellate fees and expenses under 42 U.S.C. § 1988. However, State Defendants argue that plaintiffs in this case are procedurally barred from such a recovery because they failed to file a timely motion for attorneys' fees in the Eleventh

4

Circuit. The parties agree that this issue is governed by Eleventh Circuit

Rule 39-2, but they dispute which provision of the rule applies.

Rule 39-2 provides in pertinent part as follows:

### Attorney's Fees

**(a)  Time for Filing.**  Except as otherwise provided herein or by statute or court order, an application for attorney's fees must be filed with the clerk within 14 days after the time to file a petition for rehearing or rehearing en banc expires, or within 14 days after entry of an order disposing of a timely petition for rehearing or denying a timely petition for rehearing en banc, whichever is later.  For purposes of this rule, "attorney's fees" includes fees and expenses authorized by statute. . . .

. . . .

**(d)  Motion to Transfer.**  Any party who is or may be eligible for attorney's fees on appeal may, within the time for filing an application provided by this rule, file a motion to transfer consideration of attorney's fees on appeal to the district court or administrative agency from which the appeal was taken.

**(e)  Remand for Further Proceedings.**  When a reversal on appeal, in whole or in part, results in a remand to the district court for trial or other further proceedings (e.g., reversal of order granting summary judgment, or denying a new trial), a party who may be eligible for attorney's fees on appeal after prevailing on the merits upon remand may, in lieu of filing an application for attorney's fees in this court, request attorney's fees for the appeal in a timely application filed with the district court upon disposition of the matter on remand.

11TH CIR. R. 39-2.

5

State Defendants contend that Rule 39-2(a) is controlling, and that plaintiffs were required to file with the clerk of the Eleventh Circuit either a motion for appellate fees or a motion to transfer consideration of appellate fees to this Court no later than fourteen days after the court of appeals' denial of rehearing en banc. State Defendants argue that Rule 39-2(e) does not apply because the Eleventh Circuit did not reverse and remand this Court's judgment but instead affirmed that judgment and then denied State Defendants' petition for rehearing en banc. Plaintiffs, on the other hand, contend that Rule 39-2(e) is controlling because the appeal in this case ultimately resulted in a reversal and remand for further proceedings, and that it does not matter that it was the Supreme Court rather than the Eleventh Circuit that reversed and remanded the case.

The Court agrees with State Defendants. By its plain terms, Rule 39-2(e) applies only to "a party who *may* be eligible for attorney's fees on appeal *after prevailing on the merits upon remand.*" 11TH CIR. R. 39-2(e) (emphasis added). In this case, plaintiffs' eligibility for Eleventh Circuit fees does not turn upon their prevailing on the merits upon remand. The Eleventh Circuit *affirmed* this Court's original fee award in its entirety and then denied

6

rehearing en banc. Plaintiffs became eligible for an award of Eleventh Circuit fees at that point, and the Supreme Court's subsequent reversal and remand of the enhancement portion of that award did not change that. Indeed, plaintiffs themselves argue that their success in the Eleventh Circuit entitles them to an award of Eleventh Circuit fees *regardless* of the outcome of the enhancement issue on remand.[2] See Pls.' Prelim. Mot. at 3; Pls.' Reply Br. at 1-2, 3-4.

Plaintiffs' misreading of the rule is evidenced by the absurd consequences that would follow if their interpretation were adopted. On plaintiffs' view, once the time had expired to apply for either a fee award under Rule 39-2(a) or a transfer under Rule 39-2(d), their right to seek Eleventh Circuit fees depended entirely upon the Supreme Court's granting review and reversing and remanding the case. In other words, if State Defendants had chosen not to seek Supreme Court review, or if the Supreme Court had either denied review or granted review and affirmed the Eleventh

---

[2] Although plaintiffs suggest that "this Court's resolution of the issues on remand may impact its decision whether to award Plaintiffs the full amount of their fees on appeal," Pls. Reply Br. at 7, their only argument in this regard relates to fees incurred in the Supreme Court, not the Eleventh Circuit. See Pls.' Reply Br. at 13-15.

Circuit's ruling, then, under their own reading of the rule, plaintiffs would have been procedurally barred from seeking an Eleventh Circuit fee award despite their having achieved complete success on appeal. This cannot be how the rule was intended to operate.

The Court concludes that Eleventh Circuit Rule 39-2(e) does not apply in this case. Consequently, this Court lacks authority to award plaintiffs their fees incurred in the Eleventh Circuit and must deny plaintiffs' motion insofar as it seeks to recover such fees. See Gray v. Bostic, 613 F.3d 1035, 1043-44 (11th Cir. 2010) (unless Rule 39-2(e) applies, district court is not authorized to award appellate fees); Common Cause/Georgia v. Billups, 554 F.3d 1340, 1356-57 (11th Cir. 2009) (same).

B. Supreme Court Fees

The parties do not dispute that this Court is authorized to award fees for work before the Supreme Court. See Dague v. City of Burlington, 976 F.2d 801, 803 (2d Cir. 1992) ("[I]t has long been held proper for the district court to assess counsel fees for work performed before the Supreme Court.").

8

However, State Defendants contend that plaintiffs are not entitled to such an award because they were not the prevailing party in the Supreme Court.

State Defendants rely on the Eleventh Circuit's decision in Jean v. Nelson, 863 F.2d 759 (11th Cir. 1988). In that case, plaintiffs appealed the Eleventh Circuit's rejection of their equal protection claim, and the Supreme Court affirmed the Eleventh Circuit's judgment on other grounds. Id. at 764. The district court then awarded plaintiffs a portion of their fees incurred in the Supreme Court. Id. at 770. The Eleventh Circuit vacated the award, holding that a party must "*prevail on appeal* to qualify for appellate attorney's fees" and "there is no question that the plaintiffs did *not* prevail in the Supreme Court." Id. (emphasis in original) (citation omitted). State Defendants argue that, like the plaintiffs in Jean, plaintiffs in this case did not prevail in the Supreme Court because the enhancement to the lodestar was reversed; therefore, it would be an abuse of discretion for this Court to compensate them for the expense of litigating the case in the Supreme Court.

In response, plaintiffs argue that State Defendants cannot relitigate plaintiffs' status as the prevailing party in this litigation – to which they

9

stipulated in the Consent Decree – and that as the prevailing party, plaintiffs are entitled to recover the fees and expenses they incurred in defending this Court's fee award on appeal, even though the Supreme Court reversed a portion of that award. Plaintiffs rely on Fewquay v. Page, 907 F.2d 1046 (11th Cir. 1990), in which the Eleventh Circuit cited with approval two cases from other circuits holding that the plaintiffs were entitled to full fees for time reasonably spent defending a fee award on appeal even though they were only partially successful. See Ustrak v. Fairman, 851 F.2d 983, 990 (7th Cir. 1988) (although fee award was reduced by 30%, plaintiff was still entitled to full fees on appeal); Greater Los Angeles Council on Deafness v. Comty. Television of S. Calif., 813 F.2d 217, 223 (9th Cir. 1987) (although 50% enhancement was eliminated and lodestar was reduced by 60%, plaintiff was still entitled to full fees on appeal). Plaintiffs contend that they were partially successful before the Supreme Court because, despite the majority's reversal of the enhancement awarded in this case, the justices unanimously rejected State Defendants' contention that such enhancements are never authorized. Plaintiffs distinguish Jean on the grounds that, unlike here, the

10

plaintiffs in that case voluntarily brought, and wholly lost, their Supreme

Court appeal.[3]

The Court agrees with plaintiffs. Jean is distinguishable insofar as the

plaintiffs there voluntarily initiated the Supreme Court appeal and were

entirely unsuccessful, while plaintiffs here were forced to litigate in the

Supreme Court and were partially successful. Judge Posner's reasoning in

Ustrak is equally applicable to this case and is worth quoting at length:

> As the prevailing party in the underlying civil rights action, [the
> plaintiff] is entitled to reimbursement of fees reasonably
> incurred, whether they are fees incurred in the original civil
> rights trial and appeal, fees incurred in proving those fees, or
> fees incurred in defending the district court's fee award. Since
> the reasonableness of a fee is a function in part of the success
> achieved by the expenditure, lack of success in obtaining fees or
> in defending a fee award is certainly material in deciding how
> large the reimbursement should be. But a distinction should be
> made between an appellant and an appellee. A civil rights
> plaintiff who, having won a judgment in the district court,
> appeals, seeking a greater victory—and fails utterly in his
> appeal—will be hard pressed to demonstrate an entitlement to his
> attorney's fees on appeal, even though he remains the prevailing
> party in the underlying litigation. But when the defendant
> appeals and the plaintiff incurs expenses in defending against

---

[3] Plaintiffs also argue that this Court's award of an enhancement on remand
would further support the recovery of their Supreme Court fees. Since the Court
has determined that no enhancement is appropriate in this case under the
guidelines established by the Supreme Court, it does not address this argument.

the appeal that are reasonable even though they are not crowned by complete success, ordinarily he should be entitled to reimbursement of those fees; he had no choice but to incur them or forfeit his victory in the district court.

851 F.2d at 990.

As in Ustrak, plaintiffs in this case unquestionably prevailed in the underlying civil rights action and are therefore entitled to reimbursement of all fees reasonably incurred, including fees incurred in defending this Court's fee award. After the Eleventh Circuit affirmed this Court's fee award, plaintiffs did not appeal, seeking a greater victory. Instead, State Defendants appealed, and plaintiffs had no choice but to incur additional fees defending the award in the Supreme Court. There, plaintiffs succeeded in obtaining a unanimous decision in their favor on the sole question the Supreme Court agreed to consider, i.e., whether enhancement of the lodestar on the basis of attorney performance and results obtained is ever justified. See Perdue v. Kenny A. ex rel. Winn, 129 S. Ct. 1907 (2009) (granting certiorari limited to Question 1 of the petition); Pet. for Cert., No. 08-970, 2009 WL 245095, at *i (Jan. 29, 2009) (stating question); Perdue, 130 S. Ct. at 1669 (majority opinion) ("reaffirm[ing] th[e] rule" that enhancements are "permitted in extraordinary circumstances"); id. at 1678 (Breyer, J., concurring in part and

12

dissenting in part) (agreeing with majority's reaffirmation of rule). A bare majority of the justices chose to go further and hold that this Court failed to provide proper justification for the enhancement it awarded in this case. Id. at 1669 n.1 & 1675-76.

Thus, although "not crowned by complete success," plaintiffs were successful in preserving their right to seek an enhancement. The fact that this Court ultimately found that the circumstances of this case do not justify an enhancement under the new guidelines established by the Supreme Court does not mean that the fees incurred by plaintiffs in the Supreme Court were unreasonable. The Court concludes that plaintiffs are entitled to reimbursement of their full fees and expenses incurred in the Supreme Court, subject to specific objections by State Defendants to particular items of attorney time or expense. Cf. Ustrak, 851 F.2d at 990 (plaintiff "is entitled, prima facie, to reimbursement of his entire fees in this court" subject to "specific objections to particular items of expense" submitted by defendant).

Summary

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART plaintiffs' preliminary motion for appellate fees and expenses and request to hold motion in abeyance [#662]. Within thirty (30) days of the date of entry of this order, plaintiffs shall file with the Court an itemization of time and expenses, together with supporting documentation and a supporting brief, pertaining to the attorneys' fees and expenses incurred by plaintiffs in litigating this case before the Supreme Court. State Defendants shall have fourteen (14) days from the date of service of plaintiffs' materials to file a response, and plaintiffs shall have fourteen (14) days from the date of service of the response to file a reply. The Court DIRECTS the Clerk to resubmit this case after expiration of the above time period.

IT IS SO ORDERED, this _____ day of July, 2011.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

14