IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNY A., by his next friend Linda Winn, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, *et al.*,<br><br>Defendants. | Civil Action No. 1:02-cv-1686-TWT |

### **DEFENDANTS' MOTION TO TERMINATE CONSENT DECREE**

Under Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6), Defendants respectfully submit this motion for an order terminating the Modified Consent Decree and Exit Plan, Dkt.745 ("Consent Decree"), and all related injunctive relief, previously entered in this case. The grounds for this motion are set forth in Defendant's Brief in Support of Their Motion to Terminate Consent Decree, which is filed contemporaneously.

This case concerns the administration and operation of the Georgia Division of Family and Children Services' Fulton and DeKalb Counties, both located in Georgia. In 2005, this Court entered a consent decree requiring the Defendants to comply with certain provisions to satisfy the complaints of the Plaintiffs. By 2011, the Plaintiffs and Defendants (the "Parties") jointly agreed to modify the consent

decree as it applied to Fulton County due to Defendants' substantial compliance. Dkts. 704, 706. In 2016, recognizing that Defendants had complied substantially with the original Consent Decree, the Parties again modified the Consent Decree to reflect changing conditions. Dkts.745, 747. The Consent Decree contemplates exit solely by the State satisfying each Ongoing OM for three consecutive Reporting Periods. Dkt.745 at 7, 23. In the 19 years since the Court first ordered injunctive relief, Defendants have significantly revised their policies, the Georgia Legislature has enacted new laws directing the Defendants, and the federal government has required Defendants' compliance with new regulations.

These substantial changes to the factual and legal environment of the Defendants' foster care systems, in addition to new policy insights, have made prospective enforcement the Consent Decree inequitable and have constrained the State's ability to govern its foster care system in a way best adapted to its particular circumstances. These substantial changes have erased any doubt that Defendants comply with all pled federal laws, meaning that Defendants no longer allegedly violate the Plaintiffs' constitutional and statutory federal rights, and the Consent Decree should be terminated. *Horne v. Flores*, 557 U.S. 433, 450 (2009).

Wherefore, Defendants move to terminate the Consent Decree pursuant to Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6).

Respectfully submitted this 19th day of September, 2024.

*/s/ Harold D. Melton*
Harold D. Melton
Georgia Bar No. 501570
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, GA  30308
T: (404) 885-3000
F: (404) 885-3900
E: harold.melton@troutman.com

## **RULE 7.1D CERTIFICATE**

The undersigned hereby certifies that the foregoing was prepared using 14-point Times New Roman font, in accordance with Local Rule 5.1B.

Dated this 19th day of September, 2024.

/s/ *Harold D. Melton*
Harold D. Melton
Georgia Bar No. 501570
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, GA  30308
T: (404) 885-3000
F: (404) 885-3900
E: harold.melton@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2024, a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

    */s/ Harold D. Melton*
Harold D. Melton
Georgia Bar No. 501570
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, GA  30308
T: (404) 885-3000
F: (404) 885-3900
E: harold.melton@troutman.com